UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH A. BARKER, REGIONAL DIRECTOR OF REGION 13 OF THE NATIONAL LABOR RELATIONS BOARD, FOR AND ON BEHALF OF THE NATIONAL LABOR RELATIONS BOARD<br><br>Petitioner,<br><br>v.<br><br>INDUSTRIAL HARD CHROME LTD., BAR TECHNOLOGIES LLC, FLUID POWER MANUFACTURING, A SINGLE EMPLOYER<br><br>Respondent. | Case No. 08CV2771<br><br>Judge Joan B. Gottschall<br>Magistrate Judge Maria Valdez |

**MOTION IN OPPOSITION TO PETITIONER'S MOTION TO TRY PETITION FOR PRELIMINARY INJUNCTION ON THE BASIS OF THE ADMINISTRATIVE LAW JUDGE'S HEARING TRANSCRIPT AND EXHIBITS**

Respondent, Industrial Hard Chrome, Bar Technologies, LLC and Fluid Power Manufacturing, a Single Employer, opposes Petitioner's Motion, and states:

1. On April 1, 2005, the United Steelworkers of America, AFL-CIO ("the Union") was certified as the exclusive bargaining agent for certain employees of Respondent ("unit employees").

2. Since the Union became the exclusive bargaining agent, Respondent has consistently and in good faith, met with the Union, attempting to come to an agreement, and execute a collective bargaining agreement ("CBA").

3. Despite Respondent's good faith efforts, the parties have been unable to execute a CBA.

4. On or about January 22, 2008, as a result of the bargaining unit employees' written request to decertify the union as its sole bargaining agent,

Respondent withdrew its recognition of the union, and filed the appropriate request at the National Labor Relations Board ("NLRB") for decertification.

5. As a result, on or about March 28, 2008, the NLRB issued a Complaint and Notice of Hearing, claiming, among other things, Respondent unlawfully ceased negotiating with the Union, in violation of the National Labor Relations Act ("Act"). That matter is scheduled for a hearing at the NLRB on June 23, 2008, before an administrative law judge.

6. On May 13, 2008, Petitioner filed its request for this Court to grant an injunction under Section 10(j) of the Act, forcing Respondent to bargain with the Union, even though the NLRB has requested the same or similar relief in the NLRB action.

7. Petitioner's current Motion requests this Court try, or hear its request for an injunction under Section 10(j) of the Act on the basis of the Administrative Law Judge's ("ALJ") hearing transcript and exhibits that will be produced in the underlying NLRB hearing, commencing on June 23, 2008.[1]

8. Respondent opposes Petitioner's request to try its petition on the basis of the ALJ's hearing transcript and exhibits of the underlying proceeding before the NLRB, for several reasons.

3. First, the elements that must be established in the NLRB matter are different than those to be proven in the current 10(j) petition. Specifically, in the

---

[1] The Petitioner also requests the Court to: a) file its Memorandum of Points and Authorities in support of its petition for an injunction after receipt of the transcript of the administrative proceedings; b) set a hearing for "just and proper" evidence, if necessary, on July 17, 2008, or as soon thereafter; and c) set a hearing for oral argument on July 17, 2008 or as soon thereafter on the Petition for Injunctive Relief. Unless otherwise stated herein, Respondent does not oppose the additional requests contained in Petitioner's Motion.

NLRB matter, Respondent must establish, among other things, the Union has actually lost majority support of the unit employees, thus rebutting the Union's presumption of continued majority support since it was certified as the employees' sole bargaining agent. However, the NLRB must show, among other things, the Respondent's decertification petition was based on the "taint" of allegedly unremedied unfair labor practice charges brought against the Respondent.

9. In the instant 10(j) matter before the Court, the Petitioner must demonstrate, among other things, there is no other adequate remedy at law for the Union, the Respondent's conduct has resulted in irreparable harm, and granting the 10(j) motion will cause no undue hardship to Respondent. These elements are entirely different from those elements to be proven in the NLRB matter. To that end, the questioning of witnesses, and the manner in which evidence is presented to this Court will be different than the presentation at the June 23, 2008 NLRB hearing. For this reason, Petitioner's request should be denied.

10. Additionally, Petitioner's motion should be denied because of the different forums in which each matter is pending. The NLRB matter will be adjudicated at the NLRB, according to the NLRB rules and procedures. The Federal Rules of Evidence and Civil Procedure apply in the current matter before the Court. There is the potential of prejudice against the Respondent, if the Court did not hear witness testimony, according to <u>its</u> established rules.

11. Third, petitioner's request should be denied because of the testimonial evidence that will be given. To establish its defense, the Respondent will be required to seek testimonial evidence from various witnesses. Should this court rely solely upon the transcript of witness testimony from another proceeding, the Court will not

be able to weigh or assess the credibility of witnesses. Witness credibility is essential to any case.

12. For these reasons, it is necessary for this Court to deny Petitioner's motion. Denying Petitioner's motion does not prohibit the parties from stipulating to various evidentiary issues (i.e. exhibits, transcripts, etc.) prior to, or at any hearing on the 10(j) motion that may be scheduled.

13. Finally, the Respondent requests that, if this Court schedules this matter for a hearing on "just and proper evidence", to do so on a date after July 17, 2008, as a conflict exists with the counsel of record for this matter.

WHEREFORE, Respondent requests that the Court deny Petitioner's request to try the case on the basis of an administrative transcript and exhibits only.

Respectfully Submitted,

WESSELS PAUTSCH & SHERMAN P.C.

/s/ Frederick D. Payne
Frederick D. Payne

Counsel for Respondents
10 West Market Street, Suite 1770
Indianapolis, IN 46204

### CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was filed electronically this May 27, 2008. Notice of this filing will be sent to the following parties via operation of the Court's electronic filing system, and/or U.S. Mail to:

| | |
|---|---|
| Elizabeth S. Cortez | Mr. Anthony Alfano, Esq. |
| Counsels for Petitioner | United Steelworkers of America |
| NLRB, Region 13 | 1301 Texas Street |
| 209 South Lasalle Street, Suite 900 | Room 200 |
| | Gary, IN 46402 |

4

Chicago, Illinois

/s/ Frederick D. Payne
Frederick D. Payne

| | |
|---|---|
| Frederick D. Payne | Christina Lopez |
| WESSELS PAUTSCH & SHERMAN P.C. | WESSELS PAUTSCH & SHERMAN P.C. |
| 10 West Market Street, Suite 1770 | 2035 Foxfield Drive |
| Indianapolis, IN 46204 | St. Charles, Illinois 60174 |
| (317) 656-8800 Telephone | (630) 377-1554 Telephone |
| (317) 656-8855 Fax | (630) 377-1653 Fax |
| frpayne@indy.w-p.com | |