UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH A. BARKER, REGIONAL DIRECTOR OF REGION 13 OF THE NATIONAL LABOR RELATIONS BOARD, FOR AND ON BEHALF OF THE NATIONAL LABOR RELATIONS BOARD<br><br>Petitioner<br><br>v.<br><br>INDUSTRIAL HARD CHROME LTD., BAR TECHNOLOGIES LLC, FLUID POWER MANUFACTURING, A SINGLE EMPLOYER<br><br>Respondent | Civil No. 08CV2771<br><br>Judge Gottschall<br>Magistrate Judge Valdez |

## AMENDED PETITION FOR PRELIMINARY INJUNCTION UNDER SECTION 10(J) OF THE NATIONAL LABOR RELATIONS ACT

TO:  The Honorable Judges of the United States District
     Court for the Northern District of Illinois

Now comes Joseph A. Barker, Regional Director for Region 13 of the National Labor Relations Board (hereinafter referred to as the Board) and petitions this Court for and on behalf of the Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended (61 Stat. 149; 29 U.S.C. Section 160(j); hereinafter referred to as the Act), for appropriate injunctive relief pending the final disposition of the matters involved herein pending before the Board on complaint of the General Counsel of the Board, charging that Industrial Hard Chrome Ltd., Bar Technologies LLC, Fluid Power Manufacturing, A Single Employer (hereinafter referred to as Respondent) have been and continue to engage in acts and conduct in violation of Section 8(a)(1) and (5) of the Act [29 U.S.C. Sec. 158(a)(1) and (5)]. In support thereof, Petitioner respectfully submits as follows:

   1)   Petitioner is the Regional Director for Region 13 of the Board, an agency of the United States government, and files this amended petition for and on behalf of the Board.

2)　Jurisdiction of this proceeding is conferred upon this Court by Section 10(j) of the Act.

3)　At all material times, Respondent, an Illinois corporation, has maintained an office and place of business in Geneva, Illinois, where it is now and has at all material times been engaged within this judicial district in the business of manufacturing of industrial products for use in hydraulic systems.

4)　On February 15, 1008, United Steelworkers of America, AFL-CIO, CLC, (hereinafter referred to as the Union or Charging Party), filed a charge in Case 13-CA-44552 with the Board, alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Sections 8(a)(1) and (5) of the Act. A copy of the original charge is attached as Exhibit A.

5)　On March 28, 2008, following a field investigation during which all parties had an opportunity to submit evidence upon the said charge in Case 13-CA-44552, the General Counsel of the Board, on behalf of the Board, by the Regional Director, Joseph A. Barker, issued a Complaint and Notice of Hearing, pursuant to Section 10(b) of the Act, alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Sections 8(a)(1) and (5) of the Act. A copy of the Complaint and Notice of Hearing is attached as Exhibit B.

6)　At all times since April 1, 2005, based upon Section 9(a) of the Act, the Union has been the exclusive collective-bargaining representative of Respondent's full-time and regular part-time production and maintenance employees employed at its facility in Geneva, Illinois.

7)　Petitioner asserts that there is a likelihood of success that the Regional Director will, in the underlying administrative proceeding in Case 13-CA-44552, establish the following:

(a)　At all material times, Respondent have been affiliated business enterprises with common officers, ownership, directors, management, and supervision; have formulated and administered a common labor policy; have shared common premises and facilities; have provided services for and made sales to each other; have interchanged personnel with each other; and have held themselves out to the public as single-integrated business enterprises.

(b)　Based on its operations described above in paragraph 7(a), Respondent constitutes a single-integrated business enterprise and a single employer within the meaning of the Act.

(c)　At all material times, Respondent, an Illinois corporation with an office and place of business in Geneva, Illinois, has been engaged in the business of manufacturing of industrial products for use in hydraulic systems.

(d)　During the past calendar year, a representative period, Respondent, in conducting its operations described in paragraph 7(c), purchased and received at its Geneva, Illinois facility goods and services valued in excess of $50,000 from points located outside the State of Illinois.

(e)　At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act [29 U.S.C. Sec. 152(2), (6) and (7)].

(f)　At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act [29 U.S.C. Sec. 152(5)].

(g)　The following employees of Respondent, herein called the Unit, constitute a unit appropriate for purposes of collective bargaining within the meaning of Section 9(b) of the Act:

> All full-time and regular part-time production and maintenance employees employed by Respondent (Industrial Hard Chrome Ltd., Bar Technologies, LLC, and Fluid Power Manufacturing) at its facilities currently located at 501 Fluid Power Drive, Geneva, Illinois; but excluding all other employees, office clerical employees and guards, professional employees, and supervisors as defined by the Act.

(h)　On April 1, 2005, the Union was certified as the exclusive collective-bargaining representative of the Unit.

(i)　At all times since April 1, 2005, based on Section 9(a) of the Act, the Union has been the exclusive collective-bargaining representative of the Unit.

(j)　By letter dated January 22, 2008, Respondent withdrew its recognition of the Union as the exclusive collective-bargaining representative of the Unit.

(k)　Since January 22, 2008, Respondent has failed and refused to bargain collectively by ceasing negotiations with the Union.

(l)　By the conduct described above in paragraphs 7(j) and (k), Respondent has been failing and refusing to bargain collectively and in good faith with the exclusive

collective-bargaining representative of its employees in violation of Section 8(a)(1) and (5) and affecting commerce within the meaning of Section 2(6) and (7) of the Act.

    (m)    The unfair labor practices of Respondent described above in paragraphs 7(j)-(l) have taken place within this judicial district.

    8)    Respondent's unfair labor practices, as described above in paragraphs 7(j)-(k) have irreparably harmed, and are continuing to irreparably harm employees of the Respondent in the exercise of rights guaranteed them by Section 7 of the Act, the Union's status as bargaining representative, and the public interest in deterring continued violations. More particularly, Respondent's unfair labor practices have caused the following harm:

    (a)    Respondent's unlawful conduct has resulted in the withdrawal of recognition while prior unfair labor practices were unremedied. The unremedied unfair labor practices included threatening to discharge employees for engaging in protected concerted activities, telling employees represented by the Union that they had no representation, the mass discharge of 19 bargaining unit employees for engaging in a lawful work stoppage, and the unilateral implementation of an employee assistance program.

    9)    There is no adequate remedy at law for the irreparable harm being caused by Respondent's unfair labor practices, as described above in paragraphs 7(j)-(k). Absent interim relief, the delay in obtaining a remedy through traditional Board administrative proceedings will negatively affect the Board's ability to ensure industrial peace and protect employees' Section 7 rights to join or assist labor organizations and to bargain collectively through their own representatives. Unless injunctive relief is immediately obtained, it can be fairly anticipated that employees will permanently and irreversibly lose the benefits of the Board's processes and the exercise of the statutory rights for the entire period required for Board adjudication, a harm which can not be remedied in due course by the Board. As a result of Respondent's withdrawal of recognition of the Union, the Union's employee support has been irreparably undermined, and will continue to be undermined, as the conditions and terms of employment in the Respondent's facilities change without any Union input. Respondent's employees have been deprived, and will continue to be deprived, of the benefits of union representation and collective bargaining.

    10)    Granting the temporary injunctive relief requested by Petitioner will cause no undue hardship to Respondent. Specifically, should the interim order be granted, the imposition of remedies requires nothing more than that Respondent obey the law. If the injunction is

granted, the Respondent will be required recognize and bargain in good faith with the Union during the pendency of this proceeding, effectively re-establishing its pre-violation employment state. An order requiring interim bargaining is necessary to prevent the irreparable erosion of the Union's majority support resulting from Respondent's denial of the Union's right to represent employees and affect their working conditions. Moreover, there is no evidence that the recognizing and bargaining in good faith with the Union would pose a significant burden upon the Respondent. Rather, it only requires the Respondent to bargain with the Union in good faith to an agreement or a bona fide impasse. Similarly, there is substantial public interest in granting interim relief, which maintains the Board's effectiveness, ensures that employees will be able to exercise their Section 7 rights and facilitates the collective-bargaining process.

Absent injunctive relief, Respondent will reap the benefit of its own misconduct, *i.e.*, it will erode the support of the employees in their collective-bargaining representative and strip them of the benefits of good faith collective bargaining. Indeed, without an interim reinstatement order, the Respondent will effectively accomplish its unlawful goals of permanently undermining collective bargaining. This is due to the fact that absent interim recognition and bargaining, the unit employees will also be deprived of the benefits of the Union representation pending the Board's decision, which would result in a loss that a Board order in due course cannot remedy. In fact, the predictable lack of progress at the bargaining table resulting from the Union's weakness could seal the Union's fate.

11) In balancing the equities in this matter, the harm to the employees involved herein, to the public interest, and to the purposes and policies of the Act if injunctive relief, as requested, is not granted, outweighs any harm that the grant of such injunctive relief will work on Respondent. In sum, given these circumstances, injunctive relief is imperative since the passage of time reasonably necessary to adjudicate the unfair labor practice charges on the merits may dissipate the effectiveness of the ultimate remedial power of the Board, and will certainly dissipate employee support in the Union – which is the ultimate goal of the Respondent's unfair labor practices.

12) Upon information and belief, to avoid the serious consequences set forth above, it is essential, just, proper, and appropriate for the purposes of effectuating the policies of the Act and avoiding substantial, irreparable and immediate injury to such policies, to the public interest, and to the employees involved herein, and in accordance with the purposes of Section 10(j) of

the Act, that, pending final disposition of the matters presently pending before the Board, Respondent be enjoined and restrained as herein prayed.

**WHEREFORE, PETITIONER PRAYS:**

A.  That the Court issue an Order directing Respondent, pending final Board adjudication of the instant charge, to:

(1) upon request, recognize and bargain in good faith with the Union as the exclusive collective-bargaining representative of the unit, with respect to rates of pay, hours, and other terms and conditions of employment, to agreement or a bona fide impasse, and if an understanding is reached, embody such understanding in a signed agreement;

(2) post copies of the District Court's opinion and order, together with Spanish translations prepared at the Respondent's expense, to be approved by the Regional Director of Region 13 of the Board, at the Respondent's facility where notices to employees are customarily posted; maintain such postings during the Board's administrative proceeding free from all obstructions and defacements; allow all employees free and unrestricted access to said postings; and grant agents of the Board reasonable access to the Respondent's facility to monitor compliance with this posting requirement;

(3) within twenty days of the issuance of the District Court's decision and order, file with the District Court, with a copy to be submitted to the Regional Director of the Board for Region 13, a sworn affidavit from a responsible Respondent official setting forth, with specificity, the manner in which Respondent has complied with the terms of the Court's decree, including how the documents have been posted as required by the Court's order.

Dated at Chicago, Illinois, this 2nd day of June, 2008.

_____
Joseph A. Barker, Regional Director
National Labor Relations Board
Region 13
209 South LaSalle Street, Suite 900
Chicago, Illinois 60604

## CERTIFICATE OF SERVICE

The undersigned hereby certify that true and correct copies of the Amended Petition for Preliminary Injunction Under Section 10(j) of the National Labor Relations Act, have, this 2nd day of June, 2008, been served in the manner indicated upon the following parties of record:

Certified Mail

Industrial Hard Chrome LTD., Bar Technologies LLC,
Fluid Power Manufacturing, A Single Employer
501 Fluid Power Drive
Geneva, IL 60134
Attn: Mr. Fred Parker

Wessels & Pautsch, P.C.
10 West Market Street, Suite 1770
Indianapolis, IN 46204
Attn: Frederick D. Payne, Esq.

Wessels & Pautsch, P.C.
33 W. Monroe, Suite 1120
Chicago, IL 60603
Attn: Christina Lopez-Nutzman, Esq.

United Steel, Paper & Forestry, Rubber, Manufacturing,
 Energy, Allied Industrial & Service Workers International
 Union AFL-CIO-CLC
1301 Texas Street, Room 200
Gary, IN 46402
Attn: Anthony Alfano, Esq.

Courtesy Copy Hand Delivered

Judge Joan B. Gottschall
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chambers 2356
Chicago, IL 60604

_____
Elizabeth S. Cortez
Counsel for Petitioner
National Labor Relations Board, Region 13
209 South LaSalle Street, Suite 900
Chicago, Illinois 60604
(312) 353-4174

I, Joesph A. Barker, being duly sworn, depose and say that I am the Regional Director of Region 13 of the National Labor Relations Board; that I have read the foregoing Amended Petition and exhibits and know the contents thereof; that the statements therein made as upon personal knowledge are true and those made as upon information and belief, I believe to be true. DATED at Chicago, Illinois this 2nd day of June, 2008.

*[signature]*

Joseph A. Barker, Regional Director
National Labor Relations Board
Region 13
209 South LaSalle Street, Suite 900
Chicago, Illinois 60604

Subscribed and Sworn to Before me this
2nd day of June, 2008

*[signature]*
Notary Public

OFFICIAL SEAL
CHRISTOPHER J LEE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/20/11

8

FORM NLRB-501
(9-07)

FORM EXEMPT UNDER 44 U.S.C 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

DO NOT WRITE IN THIS SPACE

| Case | Date Filed |
|---|---|
| 13-CA-44552 | 2/15/08 |

**INSTRUCTIONS:**
File an original together with four copies and a copy for each additional charged party named in item 1 with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | b. Number of workers employed |
|---|---|
| Industrial Hard Chrome LTD, Bar Technologies, LLC and Fluid Power Manufacturing | Approximately 73 |

| c. Address (Street, city, state, and ZIP code) | d. Employer Representative | e. Telephone No. |
|---|---|---|
| 501 Fluid Power Drive<br>Geneva, IL 60134 | Fred Parker, Vice President of Operations | (630-208-7008<br>Fax No.<br>(630-208-7035 |

| f. Type of Establishment (factory, mine, wholesaler, etc.) | g. Identify principal product or service |
|---|---|
| Factory | Shaft Chroming |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections) **8(a)(5)** of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

### 2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Since on or about January 22, 2008 and continuing, the above-named employer, by its agents, officers, and/or representatives, has unlawfully failed and refused to meet and confer with the USW representatives and has failed and refused to bargain in good faith when it ceased negotiations with the USW.

The Union respectfully requests that the Region promptly pursue Section 10(j) injunctive relief to restore the status quo ante, and require the Company to continue bargaining with the USW.

### 3. Full name of party filing charge (if labor organization, give full name, including local name and number)

United Steel, Paper&Forestry, Rubber, Manufacturing, Energy, Allied Industrial&Service Workers In'l Union, AFL-CIO-CLC

| 4a. Address (Street and number, city, state, and ZIP code) | 4b. Telephone No. |
|---|---|
| 1301 Texas Street, Room #200, Gary, Indiana 46402 | 219-881-6222<br>Fax No.<br>219-886-8686 |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization) **United Steel, Paper&Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers In'tl Union**

### 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

By (signature of representative or person making charge)

Anthony Alfano, Organizing Counsel
(Print/type name and title or office, if any)

Address 1301 Texas Street, Room #200, Gary, Indiana 46402

(fax) 219-886-8686
219-881-6222 (Telephone No.)
2/14/08 (date)

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the imformation are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

08CV2771
TG
JUDGE GOTTSCHALL
MAGISTRATE JUDGE VALDEZ

**UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 13**

**INDUSTRIAL HARD CHROME LTD, BAR
TECHNOLOGIES, LLC, FLUID POWER
MANUFACTURING, A SINGLE EMPLOYER**

**and**                                **CASE 13-CA-44552**

**UNITED STEELWORKERS OF AMERICA,
AFL-CIO-CLC**

### COMPLAINT AND NOTICE OF HEARING

United Steelworkers of America, AFL-CIO-CLC, herein called the Union, has charged that Industrial Hard Chrome LTD, Bar Technologies, LLC, Fluid Power Manufacturing, A Single Employer, herein called Respondent, has been engaging in unfair labor practices as set forth in the National Labor Relations Act, 29 U.S.C. Section 151 et seq., Based thereon the General Counsel, by the undersigned, pursuant to Section 10(b) of the Act and Section 102.15 of the Rules and Regulations of the National Labor Relations Board, issues this Complaint and Notice of Hearing and alleges as follows:

I

The charge in this proceeding was filed by the Union on February 15, 2008, and a copy was served by regular mail on Respondent on February 15, 2008.

II

(a) At all material times Respondent has been an affiliated business enterprises with common officers, ownership, directors, management, and supervision; has formulated and administered a common labor policy; has shared common premises and facilities; has provided services for and made sales to each other; has interchanged personnel with each other; and has held itself out to the public as single-integrated business enterprises.

(b) Based on its operations described above in paragraph II(a), Respondent constitutes a single-integrated business enterprise and a single employer within the meaning of the Act.

(c) At all material times, Respondent, an Illinois corporation with an office and place of business in Geneva, Illinois, has been engaged in the business of manufacturing of industrial products for use in hydraulic systems.

(d) During the past calendar year, a representative period, Respondent, in conducting its operations described in paragraph II(c), purchased and received at its Geneva facility goods and services valued in excess of $50,000 from points located outside the State of Illinois.

(e) At all material times Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

### III

At all material times the Union has been a labor organization within the meaning of Section 2(5) of the Act.

### IV

(a) The following employees of Respondent, herein called the Unit, constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

> All full-time and regular part-time production and maintenance employees employed by Respondent (Industrial Hard Chrome Ltd., Bar Technologies, LLC, and Fluid Power Manufacturing) at its facilities currently located at 501 Fluid Power Drive, Geneva, Illinois; but excluding all other employees, office clerical employees and guards, professional employees, and supervisors as defined by the Act.

(b) On April 1, 2005, the Union was certified as the exclusive collective-bargaining representative of the Unit.

(c) At all times since April 1, 2005, based on Section 9(a) of the Act, the Union has been the exclusive collective-bargaining representative of the Unit.

(d) By letter dated January 22, 2008, Respondent withdrew its recognition of the Union as the exclusive collective-bargaining representative of the Unit.

(e) Since January 22, 2008, Respondent has failed and refused to bargain collectively by ceasing negotiations with the Union.

### V

By the conduct described above in paragraphs IV(d) and (e), Respondent has been failing and refusing to bargain collectively and in good faith with the exclusive collective-bargaining representative of its employees in violation of Section 8(a)(1) and (5) and affecting commerce within the meaning of Section 2(6) and (7) of the Act.

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the complaint. The answer must be **received by this office on or before April 11, 2008, or postmarked on or before April 10, 2008.** Respondent should file an original and four copies of the answer with this office and serve a copy of the answer on each of the other parties. An answer may also be filed electronically by using the E-Filing system on the Agency's website. In order to file an answer electronically, access the Agency's website at http://www.nlrb.gov, click on **E-Gov**, then click on the **E-Filing** link on the pull-down menu. Click on the "File Documents" button under "Regional, Subregional and Resident Offices" and then follow the directions. The responsibility for the receipt and usability of the answer rests exclusively upon the sender. A failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. When an answer is filed electronically, an original and four paper copies must be sent to this office so that it is received no later than three business days after the date of electronic filing. Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations. The answer may not be filed by facsimile transmission. If no answer is filed, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the complaint are true.

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **June 9, 2008, at 11 a.m.** at **209 South LaSalle Street, Chicago, Illinois**, and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board. At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this complaint. The procedures to be followed at the hearing are described in the attached Form NLRB-4668. The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

Dated at Chicago, Illinois, this 28th day of March, 2008.

/s/ Joseph A. Barker
Joseph A. Barker, Regional Director
National Labor Relations Board
Region 13
209 South LaSalle Street, 9th Floor
Chicago, IL 60604

Attachments
H:\R13COM\Complaints\CPT.13-CA-44552.cmplt.doc March 28, 2008

FORM NLRB – 4668 (AD) (2/07)                                                                                                                     (C CASES)

# SUMMARY OF STANDARD PROCEDURES IN FORMAL HEARINGS HELD BEFORE THE NATIONAL LABOR RELATIONS BOARD IN PARTY MISCOUNDUCT CASES

The hearing will be conducted by an administrative law judge of the National Labor Relations Board who will preside at the hearing as an independent, impartial finder of the facts and applicable law whose decision in due time will be served on the parties. The offices of the administrative law judges are located in Washington, DC; San Francisco, California; New York, N.Y.; and Atlanta, Georgia.

At the date, hour, and place for which the hearing is set, the administrative law judge, upon the joint request of the parties, will conduct a "prehearing" conference, prior to or shortly after the opening of the hearing, to ensure that the issues are sharp and clearcut; or the administrative law judge may independently conduct such a conference. The administrative law judge will preside at such conference, but may, if the occasion arises, permit the parties to engage in private discussions. The conference will not necessarily be recorded, but it may well be that the labors of the conference will be evinced in the ultimate record, for example, in the form of statements of position, stipulations, and concessions. Except under unusual circumstances, the administrative law judge conducting the prehearing conference will be the one who will conduct the hearing; and it is expected that the formal hearing will commence or be resumed immediately upon completion of the prehearing conference. No prejudice will result to any party unwilling to participate in or make stipulations or concessions during any prehearing conference.

*(This is not to be construed as preventing the parties from meeting earlier for similar purposes. To the contrary, the parties are encouraged to meet prior to the time set for hearing in an effort to narrow the issues.)*

Parties may be represented by an attorney or other representative and present evidence relevant to the issues. All parties appearing before this hearing who have or whose witnesses have handicaps falling within the provisions of Section 504 of the Rehabilitation Act of 1973, as amended, and 29 C.F.R. 100.603, and who in order to participate in this hearing need appropriate auxiliary aids, as defined in 29 C.F.R. 100.603, should notify the Associate General Counsel, Division of Operations-Management as soon as possible and request the necessary assistance.

An official reporter will make the only official transcript of the proceedings, and all citations in briefs and arguments must refer to the official record. The Board will not certify any transcript other than the official transcript for use in any court litigation. Proposed corrections of the transcript should be submitted, either by way of stipulation or motion, to the administrative law judge for approval.

All matter that is spoken in the hearing room while the hearing is in session will be recorded by the official reporter unless the administrative law judge specifically directs off-the-record discussion. In the event that any party wishes to make off-the-record statements, a request to go off the record should be directed to the administrative law judge and not to the official reporter.

Statements of reasons in support of motions and objections should be specific and concise. The administrative law judge will allow an automatic exception to all adverse rulings and, upon appropriate order, an objection and exception will be permitted to stand to an entire line of questioning.

All exhibits offered in evidence shall be in duplicate. Copies of exhibits should be supplied to the administrative law judge and other parties at the time the exhibits are offered in evidence. If a copy of any exhibit is not available at the time the original is received, it will be the responsibility of the party offering such exhibit to submit the copy to the administrative law judge before the close of hearing. In the event such copy is not submitted, and the filing has not been waived by the administrative law judge, any ruling receiving the exhibit may be rescinded and the exhibit rejected.

Any party shall be entitled, on request, to a reasonable period of time at the close of the hearing for oral argument, which shall be included in the transcript of the hearing. In the absence of a request, the administrative law judge may ask for oral argument if, at the close of the hearing, it is believed that such argument would be beneficial to the understanding of the contentions of the parties and the factual issues involved.

**(OVER)**

In the discretion of the administrative law judge, any party may, on request made before the close of the hearing, file a brief or proposed findings and conclusions, or both, with the administrative law judge who will fix the time for such filing. <u>Any such filing submitted shall be double-spaced on 8½ by 11 inch paper.</u>

<u>Attention</u> of the parties is called to the following requirements laid down in Section 102.42 of the Board's Rules and Regulations, with respect to the procedure to be followed <u>before</u> the proceeding is transferred to the Board:

No request for an extension of time within which to submit briefs or proposed findings to the administrative law judge will be considered unless received by the Chief Administrative Law Judge in Washington, DC (or, in cases under the branch offices in San Francisco, California; New York, New York; and Atlanta, Georgia, the Associate Chief Administrative Law Judge) at least 3 days prior to the expiration of time fixed for the submission of such documents. Notice of request for such extension of time must be served simultaneously on all other parties, and proof of such service furnished to the Chief Administrative Law Judge or the Associate Chief Administrative Law Judge, as the case may be. A quicker response is assured if the moving party secures the positions of the other parties and includes such in the request. All briefs or proposed findings filed with the administrative law judge must be submitted in triplicate, and may be printed or otherwise legibly duplicated with service on the other parties.

In due course the administrative law judge will prepare and file with the Board a decision in this proceeding, and will cause a copy thereof to be served on each of the parties. Upon filing of this decision, the Board will enter an order transferring this case to itself, and will serve copies of that order, setting forth the date of such transfer, on all parties. At that point, the administrative law judge's official connection with the case will cease.

The procedure to be followed before the Board from that point forward, with respect to the filing of exceptions to the administrative law judge's decision, the submission of supporting briefs, requests for oral argument before the Board, and related matters, is set forth in the Board's Rules and Regulations, particularly in Section 102.46 and following sections. A summary of the more pertinent of these provisions will be served on the parties together with the order transferring the case to the Board.

Adjustments or settlements consistent with the policies of the National Labor Relations Act reduce government expenditures and promote amity in labor relations. If adjustment appears possible, the administrative law judge may suggest discussions between the parties or, on request, will afford reasonable opportunity during the hearing for such discussions.