**UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSEPH A. BARKER, REGIONAL DIRECTOR OF REGION 13 OF THE NATIONAL LABOR RELATIONS BOARD, FOR AND ON BEHALF OF THE NATIONAL LABOR RELATIONS BOARD** | ) ) ) ) ) | **Case No. 08CV2771** |
| | ) | **Judge Gottschall** |
| | ) | **Magistrate Judge Valdez** |
| **Petitioner,** | ) ) | |
| **v.** | ) ) | |
| **INDUSTRIAL HARD CHROME LTD., BAR TECHNOLOGIES LLC, FLUID POWER MANUFACTURING, A SINGLE EMPLOYER** | ) ) ) ) | |
| **Respondent.** | ) ) ) ) ) | |

**RESPONSE TO AMENDED PETITION FOR PRELIMINARY INJUNCTION UNDER
SECTION 10(J) OF THE NATIONAL LABOR RELATIONS ACT**

Respondent, Industrial Hard Chrome, Bar Technologies, LLC and Fluid Power Manufacturing, hereby respond to Petitioner's, Joseph A. Barker, Regional Director of Region 13 of the National Labor Relations Board ("the Board"), Amended Petition for Preliminary Injunction Under Section 10(j) of the National Labor Relations Act ("the Act"), and state:

1.      Petitioner is the Regional Director for Region 13 of the Board, an agency of the United States government, and files this amended petition for and on behalf of the Board.

**Answer:**      Respondent admits to the allegations contained in Paragraph 1 of the Petition.

2.      Jurisdiction of this proceeding is conferred upon this Court by Section 10(j) of the Act.

**Answer:**     Respondent admits to the allegations contained in Paragraph 2 of the Petition.

3.     At all material times, Respondent, an Illinois corporation, has maintained an office and place of business in Geneva, Illinois, where it is now and has at all material times been engaged within this judicial district in the business of manufacturing of industrial products for use in hydraulic systems.

**Answer:**     Respondent admits to the allegations contained in Paragraph 3 of the Petition.

4.     On February 15, 2008, United Steelworkers of America, AFL-CIO, (hereinafter referred to as the Union or Charging Party), filed a charge in Case 13-CA-44552 with the Board, alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Sections 8(a)(1) and (5) of the Act.  A copy of the original charge is attached as Exhibit A.

**Answer:**     Respondent admits to the allegations contained in Paragraph 4 of the Petition.  However, to the extent necessary, Respondents deny the allegations contained in the charge referenced in Paragraph 4.

5.     On March 28, 2008, following a field investigation during which all parties had an opportunity to submit evidence upon the said charge in Case 13-CA-44552, the General Counsel of the Board, on behalf of the Board, by the Regional Director, Joseph A. Barker, issued a Complaint and Notice of Hearing, pursuant to Section 10(b) of the Act, alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Sections 8(a)(1) and (5) of the Act.   A copy of the Complaint and Notice of Hearing is attached as Exhibit B.

**Answer:**     Respondent admits to the allegations contained in Paragraph 5 of the Petition.

6.      At all times since April 1, 2005, based upon Section 9(a) of the Act, the Union has been the exclusive collective bargaining representative of Respondent's full-time and regular part-time production and maintenance employees employed at its facility in Geneva, Illinois.

**Answer:**      Respondent admits that the Union was certified as of April 1, 2005 as the exclusive bargaining representative of Respondent's full-time and regular part-time production and maintenance employees located at the facility in Geneva. Respondent denies that since on or about January 1, 2008, the Union continues to hold this exclusive status.

7.      Petitioner asserts that there is a likelihood of success that the Regional Director will, in the underlying administrative proceeding in Case 13-CA-44552, establish the following:

a.      At all material times, Respondents have been affiliated business enterprises with common officers, ownership, directors, management, and supervision; have formulated and administered a common labor policy; have shared common premises and facilities; have provided services for and made sales to each other; have interchanged personnel with each other; and have held themselves out to the public as single-integrated business enterprises.

**Answer:**      Respondent admits to the allegations contained in Paragraph 7 (a) of the Petition.

b.      Based on its operations described above in paragraph 7(a), Respondent constitutes a single-integrated business enterprise and a single employer within the meaning of the Act.

**Answer:**      Respondent admits to the allegations contained in Paragraph 7 (b) of the Petition.

c.     At all material times, Respondents, Illinois corporations with an office and place of business in Geneva, Illinois, has been engaged in the business of manufacturing of industrial products for use in hydraulic systems.

**Answer:**     Respondent admits to the allegations contained in Paragraph 7 (c) of the Petition.

d.     During the past calendar year, a representative period, Respondent, in conducting its operations described in paragraph 7(c), purchased and received at its Geneva, Illinois facility goods and services valued in excess of $50,000 from points located outside the State of Illinois.

**Answer:**     Respondent admits to the allegations contained in Paragraph 7 (d) of the Petition.

e.     At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act [29 U.S.C. Sec. 152(2), (6) and (7)].

**Answer:**     Respondent admits to the allegations contained in Paragraph 7 (e) of the Petition.

f.     At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act [29 U.S.C. Sec. 152(5)].

**Answer:**     Respondent admits to the allegations contained in Paragraph 7 (f) of the Petition.

g.     The following employees of Respondent, herein called the Unit, constitute a unit appropriate for purposes of collective bargaining within the meaning of Section 9(b) of the Act:

All full-time and regular part-time production and maintenance employees employed by Respondent (Industrial Hard Chrome Ltd., Bar Technologies,

LLC, and Fluid Power Manufacturing) at its facilities currently located at 501 Fluid Power Drive, Geneva, Illinois; but excluding all other employees, office clerical employees and guards, professional employees, and supervisors as defined by the Act.

**Answer:**    Respondent admits to the allegations contained in Paragraph 7 (g) of the Petition.

h.    On April 1, 2005, the Union was certified as the exclusive collective bargaining representative of the Unit.

**Answer:**    Respondent admits the allegations contained in Paragraph 7 (h) of the Petition.

i.    At all times since April 1, 2005, based on Section 9(a) of the Act, the Union has been the exclusive collective-bargaining representative of the Unit.

**Answer:**    Respondent denies the allegation contained in Paragraph 7(i) of the petition and state that it is duplicative of allegation 6 of the petition.   See Respondent's reply to Paragraph 6 of the Amended Petition.

j.    By letter dated January 22, 2008, Respondent withdrew its recognition of the Union as the exclusive collective-bargaining representative of the Unit.

**Answer:**    Respondent admits on January 22, 2008, they notified the Union that, as required by the NLRB's own ruling in Levitz Furniture Co., 333 NLRB 17, they were ceasing continued negotiations.

k.    Since January 22, 2008, Respondent has failed and refused to bargain collectively by ceasing negotiations with the Union.

**Answer:**    Respondent denies the allegations in paragraph 7 (k) of the Petition.  As already stated in Respondent's answer to allegation 6 of the Petition, Respondent has ceased continued negotiations with the Union, as continued

bargaining with the Union would cause the employer to violate the National Labor Relations Act because it would be bargaining with a minority union.

l.      By the conduct described above in 7(j) and (k), Respondent has been failing and refusing to bargain collectively and in good faith with the exclusive collective-bargaining representative of its employees in violation of Section 8(a)(1) and (5) and affecting commerce within the meaning of Section 2(6) and (7) of the Act.

**Answer:**      Respondent denies the allegations contained in Paragraph 7(l).

m.      The unfair labor practices of Respondent described above in paragraphs 7(j)-(l) have taken place within this judicial district.

**Answer:**      Respondent denies the allegations contained in Paragraph 7(m), as Respondent has not engaged in unfair labor practices.

8.      Respondent's unfair labor practices, as described above in paragraphs 7(j)-(l) have irreparably harmed, and are continuing to irreparably harm employees of the Respondent in the exercise of rights guaranteed them by Section 7 of the Act, the Union's status as bargaining representative, and the public interest in deterring continued violations.   More particularly, Respondent's unfair labor practices have caused the following harm:

a. Respondent's unlawful conduct has resulted in the withdrawal of recognition while prior unfair labor practices were unremedied.   The unremedied unfair labor practices included threatening to discharge employees for engaging in protected concerted activities, telling employees represented by the Union that they had no representation, the mass discharge of 19 bargaining unit employees for engaging in a lawful work stoppage, and the unilateral implementation of an employee assistance program.

**Answer:**     Respondent denies the allegations contained in Paragraph 8 and Paragraph 8(a) of the Petition.

9.     There is no adequate remedy at law for the irreparable harm being caused by Respondent's unfair labor practices, as described above in paragraphs 7(j)-(k).  Absent interim relief, the delay in obtaining a remedy through traditional Board administrative proceedings will negatively affect the Board's ability to ensure industrial peace and protect employees' Section 7 rights to join or assist labor organizations and to bargain collectively through their own representatives.  Unless injunctive relief is immediately obtained, it can be fairly anticipated that employees will permanently and irreversibly lose the benefits of the Board's processes and the exercise of the statutory rights for the entire period required for Board adjudication, a harm which can not be remedied in due course by the Board.  As a result of Respondent's withdrawal of recognition of the Union, the Union's employee support has been irreparably undermined, and will continue to be undermined, as the conditions and terms of employment in the Respondent's facilities change without any Union input.  Respondent's employees have been deprived, and will continue to be deprived, of the benefits of the union representation and collective bargaining.

**Answer:**     Respondent denies the allegations contained in Paragraph 9 of the Petition.

10.     Granting the temporary injunctive relief requested by Petitioner will cause no undue hardship to Respondent.  Specifically, should the interim order be granted, the imposition of remedies requires nothing more than that Respondent obey the law.  If the injunction is granted, the Respondent will be required recognize and bargain in good faith with the Union during the pendency of this proceeding, effectively re-establishing its pre-violation employment state.  An order requiring

interim bargaining is necessary to prevent the irreparable erosion of the Union's majority support resulting from Respondent's denial of the Union's right to represent employees and affect their working conditions. Moreover, there is no evidence that the recognizing and bargaining in good faith with the Union would pose a significant burden upon the Respondent. Rather, it only requires the Respondent to bargain with the Union in good faith to an agreement or a bona fide impasse. Similarly, there is substantial public interest in granting interim relief, which maintains the Board's effectiveness, ensures that employees will be able to exercise their Section 7 rights and facilitates the collective-bargaining process.

Absent injunctive relief, Respondent will reap the benefit of its own misconduct, *i.e.*, it will erode the support of the employees in their collective-bargaining representative and strip them of the benefits of good faith collective bargaining. Indeed, without an interim reinstatement order, the Respondent will effectively accomplish its unlawful goals of permanently undermining collective bargaining. This is due to the fact that absent interim recognition and bargaining, the unit employees will also be deprived of the benefits if the Union representation pending the Board's decision, which would result in a loss that a Board order in due course cannot remedy. In fact, the predictable lack of progress at the bargaining table resulting from the Union's weakness could seal the Union's fate.

**Answer:**    Respondent denies the allegations contained in Paragraph 10 of the Petition.

11.    In balancing the equities in this matter, the harm to the employees involved herein, to the public interest, and to the purposes and policies of the Act if injunctive relies, as requested, is not granted, outweighs any harm that the grant of such injunctive relief will work on Respondent. In sum, given these circumstances,

injunctive relief is imperative since the passage of time reasonably necessary to adjudicate the unfair labor practice charges on the merits may dissipate the effectiveness of the ultimate remedial power of the Board, and will certainly dissipate employee support in the Union – which is the ultimate goal of the Respondent's unfair labor practices.

**Answer:**     Respondent denies the allegations contained in Paragraph 11 of the Petition.

12.     Upon information and belief, to avoid the serious consequences set forth above, it is essential, just, proper and appropriate for the purposes of effectuating the policies of the Act and avoiding substantial, irreparable and immediate injury to such policies, to the public interest, and to the employees involved herein, and in accordance with the purposes of Section 10(j) of the Act, that, pending final disposition of the matters presently pending before the Board, Respondent be enjoined and restrained as herein prayed.

**Answer:**     Respondent denies the allegations contained in Paragraph 12 of the petition.

### Affirmative and Other Defenses

1.     Respondent ceased further bargaining with the Union as it was required to do so pursuant to the NLRB's own ruling in Levitz Furniture Co., 333 NLRB 717 (Mar. 29, 2001), as a majority of its employees no longer support the Union.

2.     Continued bargaining with the Union would violate Section 8(a)(2) of the Act forbidding bargaining with a minority union.

3.     The Respondents were never charged with bad faith bargaining in violation of 8(a)(5) of the Act in the three years Respondent has been bargaining with the Union.

4.      Petitioner does not have a likelihood of success on the merits of the underlying unfair labor practice charge because employee disaffection for the Union was not caused by Respondent.

5.      Petitioner can not prove irreparable harm, since the Union has not had majority support since at least January 2008.

6.      Petitioner's request for an injunction is barred since an adequate remedy at law, other than this injunction, exists.  Petitioner is currently seeking its remedy for the alleged conduct of Respondent with the NLRB.

7.      The public interest will be served by following the course of conduct that makes most economic judicial sense, as the NLRB has requested almost the identical remedy from this Court it has from the NLRB.  Accordingly, waiting another two to three months for an administrative law judge to issue a decision will not further erode union support in a setting where the Union has not enjoyed majority support for over five months.


Respectfully Submitted,

WESSELS PAUTSCH & SHERMAN P.C.

/s/ Frederick D. Payne
Frederick D. Payne

Counsel for Respondents
10 West Market Street, Suite 1770
Indianapolis, IN 46204

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was filed electronically this June 20, 2008.  Notice of this filing will be sent to the following parties via operation of the Court's electronic filing system, and/or U.S. Mail to:

Elizabeth S. Cortez                      Mr. Anthony Alfano, Esq.
Counsels for Petitioner                  United Steelworkers of America
NLRB, Region 13                          1301 Texas Street
209 South Lasalle Street, Suite 900      Room 200
Chicago, Illinois                        Gary, IN 46402


                        /s/ Frederick D. Payne
                        Frederick D. Payne

Frederick D. Payne                       Christina Lopez
WESSELS PAUTSCH & SHERMAN P.C.           WESSELS PAUTSCH & SHERMAN P.C.
10 West Market Street, Suite 1770        2035 Foxfield Drive
Indianapolis, IN 46204                   St. Charles, Illinois 60174
(317) 656-8800 Telephone                 (630) 377-1554 Telephone
(317) 656-8855 Fax                       (630) 377-1653 Fax
frpayne@indy.w-p.com